UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

N.M., individually and on behalf of N.C., a child with a disability,

                *Plaintiffs*,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

                *Defendant*.

COMPLAINT

Case No.

---

N.M., individually and on behalf of N.C., a child with a disability, by and through her attorneys, CUDDY LAW FIRM, PLLC, for the complaint hereby alleges:

1. This is an action brought pursuant to the enforcement and fee-shifting provisions of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1415(i)(3).

2. This is also an action pursuant to Title 42 of the United States Code Section 1983 to redress the denial to Plaintiff by Defendant of protected liberty interests and rights without due process of law, or in the alternative an action pursuant to the enforcement provision of the IDEA, 20 U.S.C. § 1415(i)(3).

3. Plaintiff N.M. and N.C. reside in the County of Richmond, State of New York.

4. N.C. is a child with a disability as defined by IDEA, 20 U.S.C. § 1401(3)(A).

5. N.M. is the parent of N.C. as defined by IDEA 20 U.S.C. § 1401(23).

6. Defendant New York City Department of Education is a local educational agency as defined by IDEA, 20 U.S.C. §1401(19), and, as such, is obligated to provide educational and related programs and services to its students in compliance with the

1

applicable federal and state statutes, regulations, and the U.S. Constitution, and is subject to the requirements of 20 U.S.C. § 1400 *et seq*., and the regulations promulgated thereunder.

## JURISDICTION AND VENUE

7. Jurisdiction is predicated upon 28 U.S.C. § 1331, which provides the district courts with original jurisdiction over all civil actions arising under the laws of the United States, and upon the fee-shifting provision of IDEA, 20 U.S.C. § 1415(i)(3)(A), which provides that the district courts of the United States shall have jurisdiction of actions brought under section 1415(i)(3) without regard to the amount in controversy.

8. Jurisdiction for the enforcement of the Findings of Fact and Decision under 42 U.S.C. §1983 is predicated upon 28 U.S.C. § 1331, and upon 28 U.S.C. § 1343, which provides, *inter alia,* the district courts with original jurisdiction to secure equitable or other relief under any Act of Congress providing for the protection of civil rights.

9. Venue is predicated upon 28 U.S.C. § 1391(b)(1) based upon the residence of the Defendant at the Defendant's principal office located at 52 Chambers Street, New York, NY 10007, and upon 28 U.S.C. § 1391(b)(2) based upon the location of the subject matter of this action.

## FACTUAL BACKGROUND – CASE NO. 183061

10. The Defendant's principal office is located at 52 Chambers Street, New York, NY 10007.

11. N.C. was born in 2010.

12. N.C. was classified as a student with autism by Defendant's committee on special education.

13. By due process complaint (DPC) to the Defendant dated May 10, 2019, Plaintiff demanded a due process hearing pursuant to 20 U.S.C. § 1415(f)(1).

14. The matter was assigned case number 183061.

15. Plaintiff's DPC demanded, *inter alia*, a finding that Defendant did not provide Plaintiff N.C. with a free appropriate public education (FAPE) pursuant to IDEA during the 2017-2018 and 2018-2019 school years.

16. As relief, Plaintiff's DPC demanded, among other things, Defendant provide in-home Special Education Teacher Support Services (SETSS) and/or applied behavior analysis (ABA) services, full-time in-school ABA services, a full-time ABA classroom in a non-public school, speech-language services, a functional behavioral assessment (FBA) and develop a behavior intervention plan (BIP), an assistive technology (AT) evaluation, compensatory academic services, and make-up related services.

17. On May 14, 2019, Defendant filed a Due Process Response to Plaintiff's Due Process Complaint.

18. The Defendant appointed Edgar De Leon as impartial hearing officer (IHO) on May 21, 2019.

19. The Defendant scheduled the mandatory resolution session for May 29, 2019, but did not hold the meeting on that date and did not reschedule it with Plaintiff, resulting in no resolution session occurring as required under the New York Regulations of the Commissioner of Education 200.5(j).

20. An impartial hearing was held for Plaintiff N.M. and N.C. on October 17, 2019. The hearing was continued to allow Plaintiff to amend her due process complaint to

include allegations of further IDEA violations depriving N.C. a FAPE for the 2019-2020 school year, including violations arising from an August 2019 IEP meeting.

21. On December 2, 2019, Plaintiff filed an amended due process complaint.

22. The amended due process complaint was accepted by IHO De Leon on December 2, 2019.

23. The Defendant again failed to hold the mandatory resolution session following Plaintiff's filing of the amended due process complaint.

24. The case languished for several months without an impartial hearing scheduled by the IHO to resolve the matter.

25. Due to the Defendant's failure to schedule an impartial hearing for several months, Plaintiff's attorney drafted a proposed Statement of Agreement and Order and provided the proposed agreement to Defendant's representative on November 19, 2020.

26. On January 20, 2021, IHO De Leon issued a Statement of Agreement in Order.

27. Pursuant to the parties' agreement, IHO De Leon ordered the Defendant to fund the cost of an independent neuropsychological evaluation and an independent functional behavioral assessment, the Defendant to conduct a speech-language evaluation and AT evaluation, to fund 400 hours of make-up speech-language therapy and 1,200 hours of in-home ABA tutoring, and to reconvene the Committee on Special Education (CSE).

28. After the IHO issued the Statement of Agreement and Order, Plaintiff's counsel was required to facilitate the implementation of the Statement of Agreement and Order through ongoing communications with the client, providers, and Defendant, including

Defendant's implementation unit.

29. Defendant has not complied with the terms of the Statement of Agreement and Order, as the Defendant failed to directly fund the speech-language therapy provided since August 2021 pursuant to the Statement of Agreement and Order upon receipt of proof of services and invoices submitted to Defendant by the provider Speech Wellness PLLC.

30. Defendant has also not complied with the terms of the Statement of Agreement and Order, as Defendant has failed to directly fund the ABA tutoring services provided since August 2021 pursuant to the Statement of Agreement and Order upon receipt of proof of services and invoices submitted to Defendant by the provider Perspective ABA.

31. As a result of Defendant's failure to comply with the FOFD, Speech Wellness PLLC will cease to provide the ordered services to Plaintiff N.C. as of January 2022 unless Defendant makes payment of the past-due invoices submitted by the provider, placing N.C. in imminent threat of losing the necessary services N.C. requires.

32. On April 27, 2021, Plaintiff, through her counsel, submitted a demand for attorneys' fees and costs incurred at the administrative hearing to Defendant's Office of Legal Services.

33. On April 29, 2021, Defendant assigned Attorney Michael Pantalony to Plaintiff's fee demand.

34. As of the date of this complaint, Defendant has failed to substantively respond to Plaintiff's fee demand.

## FIRST CAUSE OF ACTION

35. Plaintiffs repeat and reallege paragraphs 1 through 34 as if more fully set forth herein.

36. The Defendant has not complied with the terms of the IHO's order in case number 183061, as Defendant failed to directly fund the speech-language therapy provided since August 2021 pursuant to the Statement of Agreement and Order upon receipt of proof of services and invoices submitted to Defendant by the provider Speech Wellness PLLC.

37. Defendant has also not complied with the terms of the Statement of Agreement and Order, as Defendant has failed to directly fund the ABA tutoring services provided since August 2021 pursuant to the Statement of Agreement and Order upon receipt of proof of services and invoices submitted to Defendant by the provider Perspective ABA.

38. As a result of Defendant's failure to comply with the FOFD, Speech Wellness PLLC will cease to provide the ordered services to Plaintiff N.C. as of January 2022 unless Defendant makes payment of the past-due invoices submitted by the provider, placing N.C. in imminent threat of losing the necessary services N.C. requires.

39. Defendant has, under color of law, deprived Plaintiff of rights, privileges, or immunities secured by the Constitution and laws of the United States, specifically the IDEA, by failing to implement the IHO's order.

40. Plaintiff seeks equitable relief pursuant to 42 U.S.C. § 1983. *See Mrs. W. v. Tirozzi*, 832 F.2d 748, 755 (2nd Cir. 1987) ("A § 1983 cause of action may be used to remedy constitutional and federal statutory violations by state agents" including those under IDEA's predecessor statute, the Education of the Handicapped Act); *see also Weixel*

*v. Board of Educ. of City of New York,* 287 F.3d 138, 151 (2nd Cir. 2002) ("as noted above, plaintiffs have stated causes of action under Section 504/ADA and the IDEA, the district court erred in dismissing their claims for damages under Section 1983"); *contra A.W. v. Jersey City Public Schools,* 486 F.3d 791 (3rd Cir. 2007) (describing circuit conflict as to availability of § 1983 relief under IDEA).

41. Specifically, Plaintiff seeks an order directing that Defendant comply immediately with all the terms of the IHO's order, including that the Defendant immediately issue payment of the past-due invoices submitted by the providers who are providing services to N.C. pursuant to the Statement of Agreement and Order.

SECOND CAUSE OF ACTION

42. Plaintiffs repeat and reallege paragraphs 1 through 41 as if more fully set forth herein.

43. The IDEA includes a judicial remedy for violations of any right "relating to the identification, evaluation, or educational placement of [a] child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(6).

44. The First, Third, Fourth, Ninth, and Tenth Circuits are in conflict with the Second Circuit as to the availability of § 1983 relief to enforce the IDEA. *See, e.g., Blanchard v. Morton Sch. Dist.,* 509 F.3d 934, 938 (9th Cir. 2007) ("We now join the First, Third, Fourth, and Tenth Circuits and hold that the comprehensive enforcement scheme of the IDEA evidences Congress' intent to preclude a § 1983 claim for the violation of rights under the IDEA").

45. Thus, in the alternative to the § 1983 cause of action stated above, Plaintiff seeks an order pursuant to the IDEA's own enforcement authority directing that Defendant comply immediately with all the terms of the IHO's order.

46. Specifically, Plaintiff seeks an order directing that Defendant comply immediately with all the terms of the IHO's order, including that the Defendant immediately issue payment of the past-due invoices submitted by the providers who are providing services to N.C. pursuant to the Statement of Agreement and Order.

### THIRD CAUSE OF ACTION

47. Plaintiffs repeat and reallege paragraphs 1 through 46 as if more fully set forth herein.

48. Plaintiff N.M. initiated an impartial hearing on behalf of N.C. under case number 183061.

49. Plaintiff N.M. prevailed in the underlying proceedings by obtaining a Statement of Agreement and Order from the impartial hearing officer ordering the relief demanded by Plaintiff N.M.

50. Plaintiff N.M. having prevailed in the underlying proceedings hereby seeks reasonable attorneys' fees and costs pursuant to 20 U.S.C. § 1415(i)(3).

51. Plaintiff having received no payment or reasonable offer for resolution of Plaintiff's fee demand as of the date of this complaint hereby seeks to invoke the Court's discretion to award prejudgment interest at the prevailing federal prime rate.

52. Prejudgment interest is calculated as: Principal x Annual Rate x (Number of Days / 365). *Makinen v. City of New York*, No. 11-cv-07535, 2016 WL 1451543 *11 fn. 5 (S.D.N.Y. Apr. 12, 2016).

53. As of the date of this complaint, the prevailing federal prime rate is 3.25%.

54. There have been two hundred and twenty-three (223) days from the Plaintiff's fee demand up to the date of this complaint.

55. As of the date of this complaint, $793.08 in potential prejudgment interest has

accrued.

56. Pursuant to 28 U.S.C. § 1961, the Plaintiff seeks postjudgment interest to deter any further delay of payment by the defendant following any judgment.

    WHEREFORE, Plaintiffs respectfully request that this Court:

(1)    Assume jurisdiction over this action;

(2)    Issue an order directing the Defendant to comply with the IHO's Statement of Agreement and Order for Defendant to immediately issue payment of past-due invoices submitted by Speech-Wellness, PLLC, for services provided to N.C. pursuant to the Statement of Agreement and Order;

(3)    Issue an order directing the Defendant to comply with the IHO's Statement of Agreement and Order for Defendant to immediately issue payment of past-due invoices submitted by Perspective ABA for services provided to N.C. pursuant to the Statement of Agreement and Order;

(4)    Award to Plaintiff N.M. the costs, expenses, and attorneys' fees for the administrative proceeding in the matter of N.C. pursuant to 20 U.S.C. § 1415, together with both prejudgment and postjudgment interest thereupon;

(5)    Award to the Plaintiff N.M. the costs, expenses, and attorneys' fees for this 42 U.S.C. § 1983 action pursuant to 42 U.S.C. § 1988, together with both prejudgment and postjudgment interest thereupon; or in the alternative award to Plaintiff N.M. the costs, expenses, and attorneys' fees of this action pursuant to 20 U.S.C. § 1415, together with both prejudgment and postjudgment interest thereupon;

(6)     Grant such other and further relief as the Court deems just and proper.


Dated:  Auburn, New York
        December 6, 2021                            Yours etc.,


                                                    s/ Erin E. Murray
                                                    CUDDY LAW FIRM, PLLC
                                                    Erin E. Murray, Esq.
                                                    *Attorneys for Plaintiffs*
                                                    5693 South Street Road
                                                    Auburn, New York 13021
                                                    (315) 370-4020
                                                    emurray@cuddylawfirm.com